**Prentis RUPERT, TDCJ No. 639061, Plaintiff,**

**v.**

**Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Defendant.**

**Civil Action No. SA–98–CA–31–OG.**

United States District Court,
W.D. Texas,
San Antonio Division.

July 8, 1999.

---

Prentis Rupert, Livingston, TX, pro se.

Frances R. Johnson, Office of Attorney General, Edward L. Marshall, Assistant Attorney General, Austin, TX, for Respondent.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

ORLANDO L. GARCIA, District Judge.

On this date came on to be considered the Memorandum and Recommendation of the United States Magistrate Judge, filed in the above-styled and numbered cause on April 19, 1999.

According to the records of the Court, the Plaintiff was granted an extension of time to and including July 5, 1999 to file written objections to the Memorandum and Recommendation. No objections to the Memorandum and Recommendation have been filed.

Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.1989). Accordingly,

IT IS ORDERED THAT the Memorandum and Recommendation of the United States Magistrate Judge filed in this cause on April 19, 1999 be and is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Petitioner's federal habeas corpus petition, filed February 17, 1998, is DENIED; and

IT IS FURTHER ORDERED THAT Respondent's motion to substitute counsel, filed December 21, 1998, is GRANTED.

## SECOND MEMORANDUM AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

NOWAK, United States Magistrate Judge.

Pursuant to an informal referral of the above-styled and numbered cause to the undersigned United States Magistrate Judge on January 14, 1998, and consistent with the authority vested in United States Magistrates under the provisions of Title 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 1(d) and (e) of the Local Rules for the Assignment of Duties to United States Magistrates, Appendix C to the Local Court Rules for the Western District of Texas, effective January 1, 1994, the following report is submitted for your review and consideration.

### I. *Jurisdiction*

Jurisdiction is noted pursuant to Title 28 U.S.C. Section 2254.

### II. *Statement of the Case*

A. *Factual Background*

A Bexar County grand jury indicted petitioner Prentis Rupert in cause no. 89–CR–4869–A on charges of aggravated robbery and robbery with bodily injury. On January 4, 1990, the state trial court deferred adjudication of guilt and, based on petitioner's guilty plea to robbery with bodily injury, sentenced Rupert to ten years deferred-adjudication probation. On November 30, 1992, the trial court issued an Order adjudicating guilt and sentenced petitioner to serve an eight-year term of imprisonment. Petitioner filed no direct appeal from that conviction or sentence.

On August 5, 1992, a Bexar County grand jury indicted petitioner in cause no. 92–CR–4920 on a charge of retaliation, i.e., threatening to kill the complainant who had reported the occurrence of a crime.[1]

---

1. *See* state court records relating to petitioner's *first* state habeas corpus proceeding, i.e., App. No. 31,675–01 [henceforth "First State Habeas Records"], at p. 11. More specifically, that indictment charged petitioner with having threatened on or about June 2, 1992 to kill the complainant on account of her having

reported a crime. Another copy of the same indictment also appears among the state court records relating to petitioner's *second* state habeas corpus proceeding, i.e., App. 31,-675–02 [henceforth "Second State Habeas Records"], at p. 14.

On November 30, 1992, petitioner entered a guilty plea to that charge.[2] On December 1, 1992, the state trial court imposed an eight-year term of imprisonment, to run concurrently with petitioner's 8–year sentence in cause no. 89–CR–4869–A.[3] Petitioner did not appeal from that conviction or sentence either.

On May 8, 1995, petitioner filed cause no. SA–95–CA–413, a federal habeas corpus petition pursuant to Title 28 U.S.C. Section, in which he collaterally challenged *only* his robbery conviction and argued that (1) his conviction was obtained in part by the use of a coerced confession, more specifically he alleges that he was threatened with a charge of statutory rape unless he entered his guilty plea, (2) his court-appointed defense counsel rendered ineffective assistance because he was inexperienced in criminal law, and (3) a prosecution witness testified falsely at petitioner's trial regarding the date of an alleged assault offense involving petitioner. On July 10, 1995, respondent filed a motion to dismiss petitioner's federal habeas corpus petition in cause no. SA–95–CA–413, arguing that petitioner had never appealed his conviction or sought state habeas relief and, therefore, had failed to exhaust available state remedies. Petitioner filed no response thereto. In a Memorandum and Recommendation issued August 10, 1995, the undersigned Magistrate Judge recommended that petitioner's federal habeas corpus petition be dismissed for failure to exhaust state remedies. Petitioner filed no objections thereto and, in an Order and Judgment issued August 29, 1996, District Judge Prado accepted that recommendation and dismissed petitioner's federal habeas corpus petition without prejudice for failure to exhaust state remedies. Petitioner filed no appeal from that dismissal.

On June 3, 1996, petitioner filed a state habeas corpus application collaterally attacking his retaliation conviction in cause no. 92–CR–4920 in which he argued that (1) his trial counsel rendered ineffective assistance in connection with petitioner's guilty plea and sentence by (a) failing to conduct an independent investigation of the case against petitioner, (b) failing to interview petitioner's unidentified alibi witness, (c) failing to explain the charge against petitioner, more specifically, failing to explain the essential elements of the offense of retaliation, (d) failing to confer with the petitioner regarding potential witnesses and the petitioner's background, (e) failing to review the prosecution's file, and (f) advising petitioner to plead guilty and (2) his guilty plea was involuntary and unknowing because his trial counsel (a) withheld from petitioner the terms of the plea agreement offered by the prosecution, (b) erroneously advised petitioner regarding the essential elements of the charge, and (c) coercing petitioner to enter a guilty plea by threatening petitioner that other charges would be brought against him unless he entered a guilty plea.[4] In an Order issued June 21, 1996, the state trial court directed petitioner's former trial counsel to file an affidavit responding to petitioner's allegations.[5] Said counsel did so on July 3, 1996.[6] In an Order issued August 1, 1996, the state trial court concluded that petitioner's allegations of an involuntary guilty plea were refuted by his attorney's affidavit and petitioner's plea documents, concluded that petitioner had not alleged any specific facts showing what additional exculpatory evidence investiga-

---

**2.** *See* First State Habeas Records, at pp. 12–14; and Exhibit A, attached to Respondent's Motion to Substitute Counsel and Motion for Summary Judgment, filed December 21, 1998, docket entry no. 20.

**3.** *Se* First State Habeas Records, at pp. 12–14.

**4.** *See* First State Habeas Records, at pp. 1–9.

**5.** *See* First State Habeas Records, at p. 15.

**6.** *Id.*, at pp. 16–17. Basically, petitioner's former trial counsel denied under oath that he had done anything to coerce petitioner into pleading guilty, denied that he made any misrepresentations regarding the plea agreement, and denied that he advised petitioner to plead guilty.

tion by his trial counsel would have disclosed, and recommended denial of petitioner's state habeas corpus application.[7] On November 28, 1996, the Texas Court of Criminal Appeals denied petitioner's first state habeas corpus application without written order.[8]

On May 29, 1997, petitioner filed what the Texas Court of Criminal Appeal has designated his *third* state habeas corpus application challenging *not* his retaliation conviction but, rather, an unidentified state prison disciplinary proceeding that culminated in petitioner's loss of good conduct time credits.[9] In an Order issued August 4, 1997, the state trial court concluded that petitioner's claims could have been raised in his prior state habeas corpus proceeding and recommended dismissal of petitioner's claims under state writ-abuse principles.[10] The Texas Court of Criminal Appeals dismissed petitioner's third state habeas corpus application pursuant to the new Texas writ-abuse statute on September 24, 1997.[11]

On June 27, 1997, petitioner filed what the Texas Court of Criminal Appeals has designated as his *second* state habeas corpus application challenging his retaliation conviction, in which the petitioner argued that his trial counsel had rendered ineffective assistance in connection with petitioner's guilty plea and sentencing by not being adequately trained in criminal law, not having petitioner's best interests at heart, seeking a plea bargain, misleading petitioner regarding the benefits of parole rather than probation, erroneously advising petitioner regarding the nature of his plea agreement, failing to object to erroneous information in the victim impact statement, and failing to object to the absence of any evidence to support petitioner's guilty plea.[12] In an Order issued July 11, 1997, the state trial court recommended that petitioner's second state habeas corpus application be dismissed pursuant to state writ-abuse principles.[13] On August 13, 1997, the Texas Court of Criminal Appeals dismissed pursuant to the Texas writ-abuse statute.[14]

Meanwhile, on February 4, 1997, petitioner filed cause no. SA–97–CA–134–OG in this Court, a federal habeas corpus action in which he challenged *both* his aggravated robbery conviction as well as his retaliation conviction. On December 29, 1997, the District Court dismissed that federal habeas corpus petition without prejudice for failure to exhaust available state remedies regarding petitioner's robbery conviction.

On July 25, 1997, petitioner filed his fourth state habeas corpus application, in which he challenged his robbery conviction in state cause no. 89–CR–4869A and argued that the state trial court had erroneously placed him on probation in violation of applicable state law and, therefore, the revocation of same was invalid. In an Order issued October 2, 1997, the state trial court found that petitioner had, in fact, been placed on deferred-adjudication probation consistent with applicable state law, *not* on court-ordered probation as petitioner apparently contended, and recommended denial of state habeas relief. On November 5, 1997, the Texas Court of

7. *See* First State Habeas Records, at pp. 20–22.

8. *See Ex parte Rupert,* App. No. 31,675–01 (Tex.Crim.App. November 20, 1996).

9. *See* state court records relating to petitioner's third state habeas proceeding, i.e., App. 31,675–03 [henceforth "Third State Habeas Records"], at pp. 1–11.

10. *See* Third State Habeas Records, at pp. 18–20.

11. *See Ex parte Rupert,* App. No. 31,675–03 (Tex.Crim.App. September 24, 1997).

12. *See* Second State Habeas Records, at pp. 1–10.

13. *See* Second State Habeas Records, at pp. 19–20.

14. *See Ex parte Rupert,* App. No. 31,675–02 (Tex.Crim.App. August 13, 1997).

criminal Appeals denied petitioner's fourth state habeas corpus application without written order based on the findings of the trial court without a hearing.[15]

### B. *Procedural History*

On January 8, 1998, petitioner Prentis Rupert filed this federal habeas corpus action pursuant to Title 28 U.S.C. Section 2254 collaterally attacking his November, 1992 Bexar County conviction for retaliation.[16] As grounds for relief, petitioner argues that (1) his trial counsel rendered ineffective assistance in connection with petitioner's guilty plea by (a) not being trained in criminal law, (b) not having petitioner's best interests at heart, (c) seeking only to plea bargain, (d) failing to object to the lack of evidence supporting petitioner's guilty plea, (e) failing to object to false information in the victim impact statement, (f) misleading petitioner into believing that parole was better than probation, and (g) misleading petitioner into believing that the prosecution had offered a term of eight years as an inducement for a guilty plea and that if petitioner agreed to that plea bargain, petitioner would only serve 60 days in prison, (2) petitioner's guilty plea was rendered involuntary and unknowing by virtue of his trial counsel's misrepresentations to petitioner regarding the nature of the plea offered by the prosecution and the actual length of time the petitioner would have to serve in prison if he pleaded guilty, and (3) the factual basis underlying petitioner's guilty plea was invalid and insufficient because (a) the victim's statement to the police was untrue and the victim impact statement false, (b) the only evidence against petitioner consisted of hearsay, and (c) there was no evidence showing the petitioner committed the offense.

On March 26, 1998, respondent filed a motion to consolidate this federal habeas corpus proceeding with petitioner's separate and distinct collateral attack upon his aggravated robbery conviction,[17] a motion to dismiss petitioner's claims herein as time-barred,[18] and a motion for leave to file an amended motion to dismiss petitioner's claims as time-barred.[19] On April 8, 1998, respondent filed an amended motion to dismiss petitioner's claims as time-barred.[20] In a First Memorandum and Recommendation issued April 8, 1998, the undersigned recommended denial of both respondent's motion to consolidate and motions to dismiss as time-barred.[21] The District Court accepted those recommendations in an Order issued November 19, 1998.[22]

On December 21, 1998, respondent filed a motion for summary judgment in which he argued that petitioner had procedurally defaulted on most of his claims of ineffective assistance and that the state courts had acted reasonably in rejecting petitioner's claims that his guilty plea was involuntary and unknowing.[23] To date, petitioner has filed no response to respondent's motion for summary judgment.

### III. *Issues*

(1) Whether petitioner procedurally defaulted on any of his claims for relief herein?

---

**15.** *See Ex parte Rupert,* App. No. 31,675–04 (Tex.Crim.App. November 5, 1997).

**16.** *See* docket entry no. 5. Although petitioner's federal habeas corpus petition herein was not filed and docketed until February 17, 1998, petitioner signed same on January 8, 1998 and, pursuant to the prisoner mailbox rule, this Court will assume that petitioner presented same to responsible prison officials for mailing to this Court on that same date. *See Sonnier v. Johnson,* 161 F.3d 941, 943 n. 1 (5th Cir.1998); and *Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir.1998).

**17.** *See* docket entry no. 11.

**18.** *See* docket entry no. 9.

**19.** *See* docket entry no. 10.

**20.** *See* docket entry no. 14.

**21.** *See* docket entry no. 15.

**22.** *See* docket entry no. 18.

**23.** *See* docket entry no. 20.

(2) Whether petitioner's ineffective assistance of counsel claims warrant federal habeas relief?

(3) Whether petitioner's complaints about his guilty plea warrant federal habeas relief?

## IV. *Analysis and Authorities*

### A. *Antiterrorism and Effective Death Penalty Act of 1996*

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[24] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. Section 2254.[25] Prior to the Supreme Court's recent opinion in *Lindh v. Murphy*,[26] the Fifth Circuit had held in several opinions that the new standard of review provisions of the AEDPA governed federal court review of all federal habeas corpus petitions filed by state prisoners, including those

petitions pending as of the effective date of that enactment.[27] However, the holding in *Lindh* limits the applicability of the AEDPA's new standard of review provisions to only those petitions filed *after* the effective date of that enactment, i.e., after April 24, 1996.[28] This aspect of the holding in *Lindh* does *not* apply to this cause because petitioner filed this federal habeas corpus action *after* the effective date of the AEDPA.[29] Under the AEDPA's new standard of review, this Court cannot grant petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[30] A reasonable, good

**24.** Pub.L. No. 104–132, 110 Stat. 1214 (1996).

**25.** *See Nobles v. Johnson*, 127 F.3d 409, 412–15 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998); *Hernandez v. Johnson*, 108 F.3d 554, 557 n. 2 (5th Cir.1997), *cert. denied*, 522 U.S. 984, 118 S.Ct. 447, 139 L.Ed.2d 383 (1997); *Brown v. Cain*, 104 F.3d 744, 748–49 (5th Cir.1997), *cert. denied*, 520 U.S. 1195, 117 S.Ct. 1489, 137 L.Ed.2d 699 (1997); *Childress v. Johnson*, 103 F.3d 1221, 1224 (5th Cir.1997); *Mata v. Johnson*, 99 F.3d 1261, 1265–66 (5th Cir. 1996), *vacated in part and modified on other grounds*, 105 F.3d 209 (5th Cir.1997); *Herman v. Johnson*, 98 F.3d 171, 173 (5th Cir. 1996), *cert. denied*, 520 U.S. 1123, 117 S.Ct. 1262, 137 L.Ed.2d 341 (1997); *Drinkard v. Johnson*, 97 F.3d 751, 756 (5th Cir.1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997).

**26.** 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

**27.** *See Carter v. Johnson*, 110 F.3d 1098, 1103 (5th Cir.1997), *vacated* 522 U.S. 964, 118 S.Ct. 409, 139 L.Ed.2d 313 (1997); *Hernandez v. Johnson*, 108 F.3d at 557–58; *Brown v. Cain*, 104 F.3d at 748–49; *Lockhart v. Johnson*, 104 F.3d 54, 56–57 (5th Cir.1997), *cert. denied*, 521 U.S. 1123, 117 S.Ct. 2518, 138 L.Ed.2d 1019 (1997); *Childress v. Johnson*, 103 F.3d at 1224; *Mata v. Johnson*, 99 F.3d at

1266; and *Drinkard v. Johnson*, 97 F.3d at 767.

**28.** *See Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir.1998), *cert. denied*, 523 U.S. 1014, 119 S.Ct. 613, 142 L.Ed.2d 548 (1998), (holding that the AEDPA applies to all federal habeas corpus petitions filed *after* the effective date of that enactment, i.e., April 24, 1996); *Hogue v. Johnson*, 131 F.3d 466, 469 n. 1 (5th Cir.1997), *cert. denied*, 523 U.S. 1014, 118 S.Ct. 1297, 140 L.Ed.2d 334 (1998); *Carter v. Johnson*, 131 F.3d 452, 457 (5th Cir.1997), *cert. denied*, 523 U.S. 1099, 118 S.Ct. 1567, 140 L.Ed.2d 801 (1998); and *Nobles v. Johnson*, 127 F.3d at 413–15, (holding that a federal habeas petition filed *after* the effective date of the AEDPA was governed by the standard of review set forth in the AEDPA despite the fact that petitioner had filed other motions in that cause prior to April 24, 1996).

**29.** *See Robison v. Johnson*, 151 F.3d 256, 258 n. 2 (5th Cir.1998), *cert. pending*, (holding that the critical date for determining the applicability of the AEDPA is the date the petitioner *filed* his federal habeas corpus petition); *Corwin v. Johnson*, 150 F.3d at 471; and *Nobles v. Johnson*, 127 F.3d at 413–15.

**30.** *See Jones v. Jones*, 163 F.3d 285, 299 (5th Cir.1998); *Davis v. Johnson*, 158 F.3d 806, 812 (5th Cir.1998), *cert. pending*; *Robison v.*

faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent.[31] Furthermore, the AEDPA also significantly restricts the scope of federal habeas review of state court fact findings [32] and limits the circumstances in which a habeas corpus petitioner can obtain an evidentiary hearing in federal court.[33]

In the course of the petitioner's first state habeas corpus proceeding, the state courts expressly rejected on the merits his federal constitutional claims premised upon his assertions that his guilty plea was involuntary and unknowing and also many of the ineffective assistance claims that petitioner asserts herein. The AEDPA places great value upon the factual findings and conclusions of law made by state courts in the course of petitioner's state habeas corpus proceedings. Because the state habeas court rejected on the merits most of the petitioner's federal claims herein, this Court is virtually bound by the state court ruling on those issues unless the petitioner can satisfy the standard outlined above by showing that the state court's holding was based upon either an unreasonable application of clearly established federal law or an unreasonable determination of the facts from the evidence before that court. An application of federal law is unreasonable when reasonable jurists considering the issue would be of one view that the state court ruling was incorrect.[34] Any state court factual determination must be presumed correct unless rebutted by clear and convincing evidence.[35] With these principles in mind, this Court must turn to the claims presented in petitioner's federal habeas corpus petition.

*Johnson*, 151 F.3d at 265–66, (holding that an application of federal law is "unreasonable" only if it is so clearly incorrect that it would not be debatable among reasonable jurists; in other words, an application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect); *Corwin v. Johnson*, 150 F.3d at 471–72, (holding that pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2) and that an application of law to facts is unreasonable only when it can be said that reasonable jurists considering the question would be of one view that the state court ruling was incorrect); *Nobles v. Johnson*, 127 F.3d at 416, (holding that the unreasonable application standard requires more than mere disagreement with the state court decision, rather, the petitioner must show that the state court decision is so clearly incorrect that it would not be debatable among reasonable jurists); *Williams v. Cain*, 125 F.3d 269, 276–77 (5th Cir.1997), *cert. denied*, 524 U.S. 934, 118 S.Ct. 2338, 141 L.Ed.2d 710 (1998); *Hernandez v. Johnson*, 108 F.3d at 557 n. 2; *Brown v. Cain*, 104 F.3d at 748–49; *Lockhart v. Johnson*, 104 F.3d at 56–57; *Childress v. Johnson*, 103 F.3d at 1224; *Mata v. Johnson*, 99 F.3d at 1267; and *Drinkard v. Johnson*, 97 F.3d at 767–69.

31. *See Robison v. Johnson*, 151 F.3d at 266; *Corwin v. Johnson*, 150 F.3d at 471–72; *No-*

*bles v. Johnson*, 127 F.3d at 416; *Williams v. Cain*, 125 F.3d at 277; *Mata v. Johnson*, 99 F.3d at 1268; and *Drinkard v. Johnson*, 97 F.3d at 769.

32. *See Williams v. Cain*, 125 F.3d at 277, (recognizing that under the AEDPA, state court factual findings "shall be presumed correct unless rebutted by 'clear and convincing evidence' "); *Hernandez v. Johnson*, 108 F.3d at 558 & n. 4, (holding that under the AEDPA, the proper forum for the making of all factual determinations in habeas cases will shift to the state courts "where it belongs" and recognizing that the AEDPA clearly places the burden on the federal habeas petitioner "to raise and litigate as fully as possible his potential federal claims in state court"); and 28 U.S.C. § 2254(e)(1).

33. *See Robison v. Johnson*, 151 F.3d at 269; *McDonald v. Johnson*, 139 F.3d 1056, 1059 (5th Cir.1998); and 28 U.S.C. § 2254(e)(2).

34. *See Jones v. Jones*, 163 F.3d at 299; *Davis v. Johnson*, 158 F.3d at 812; *Corwin v. Johnson*, 150 F.3d at 471–72; and *Drinkard v. Johnson*, 97 F.3d at 769.

35. *See Davis v. Johnson*, 158 F.3d at 812; *Jackson v. Johnson*, 150 F.3d 520, 524 (5th Cir.1998), *cert. pending*; and 28 U.S.C. § 2254(e)(1).

B. *State Law Issues in Federal Habeas Corpus Proceedings*

■ A state prisoner seeking federal court review of his conviction pursuant to Title 28 U.S.C. Section 2254 must assert a violation of a federal constitutional right.[36] Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented.[37] In the course of reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does *not* sit as a super-state appellate court.[38] The question before a federal habeas corpus court is *not* whether the state court correctly applied its own interpretation of state law; rather, the question is whether the petitioner's federal constitutional rights were violated.[39]

> When a federal district court reviews a state prisoner's habeas petition pursuant to 28 U.S.C. § 2254 it must decide whether the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." The court does not review a judgment, but the lawfulness of the petitioner's custody *simpliciter.*[40]

Thus, the issue before this Court is *not* whether the Texas courts properly applied state-law principles during petitioner's trial or when they affirmed petitioner's conviction and sentence or denied petitioner's state habeas corpus application, but whether petitioner's federal constitutional rights have been violated *in this case.*

Therefore, insofar as petitioner argues that his state statutory or state constitutional rights were violated, independently of any federal constitutional violation, his arguments do not furnish even an arguable basis for *federal* habeas corpus relief.

C. *Procedural Default*

Respondent contends that those portions of petitioner's multi-faceted ineffective assistance claim presented in this Court which were dismissed by the Texas Court of Criminal Appeals on state writ-abuse principles when that court dismissed petitioner's second and third state habeas corpus petitions are procedurally barred from federal habeas review. In point of fact,

**36.** *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir.1994); *Gray v. Lynn,* 6 F.3d 265, 268 (5th Cir.1993); and *Lowery v. Collins,* 988 F.2d 1364, 1367 (5th Cir.1993).

**37.** *See Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991); *Lewis v. Jeffers,* 497 U.S. 764, 780, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); *Pulley v. Harris,* 465 U.S. 37, 41, 104 S.Ct. 871, 874, 79 L.Ed.2d 29 (1984); *Green v. Johnson,* 160 F.3d 1029, 1035 (5th Cir.1998), *cert. denied,* 522 U.S. 1003, 119 S.Ct. 1107, 143 L.Ed.2d 106 (1999); *Hallmark v. Johnson,* 118 F.3d 1073, 1080 (5th Cir.1997), *cert. denied,* 522 U.S. 1003, 118 S.Ct. 576, 139 L.Ed.2d 415 (1997); *West v. Johnson,* 92 F.3d 1385, 1404 (5th Cir.1996), *cert. denied,* 520 U.S. 1242, 117 S.Ct. 1847, 137 L.Ed.2d 1050 (1997); *Pemberton v. Collins,* 991 F.2d 1218, 1223 (5th Cir.1993), *cert. denied* 510 U.S. 1025, 114 S.Ct. 637, 126 L.Ed.2d 596 (1993); *Lavernia v. Lynaugh,* 845 F.2d 493, 496 (5th Cir.1988); *Rault v. Butler,* 826 F.2d 299, 302 n. 1 (5th Cir.1987), *cert. denied,* 483 U.S. 1042, 108 S.Ct. 14, 97 L.Ed.2d 803 (1987); and *Neyland v. Blackburn,* 785 F.2d 1283, 1293 (5th Cir. 1986), *cert. denied,* 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 352 (1986).

**38.** *Dickerson v. Guste,* 932 F.2d 1142, 1145 (5th Cir.1991), *cert. denied,* 502 U.S. 875, 112 S.Ct. 214, 116 L.Ed.2d 172 (1991). "[F]ederal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn,* 780 F.2d 509, 513 (5th Cir.1986). *Accord Bridge v. Lynaugh,* 838 F.2d 770, 772 (5th Cir.1988). This Court does *not* review a state prisoner's federal habeas corpus petition to determine whether the state appellate courts correctly construed and applied state law. Federal habeas corpus relief does not lie for errors of state law. *See Estelle v. McGuire,* 502 U.S. at 67–68, 112 S.Ct. at 480; *Lewis v. Jeffers,* 497 U.S. at 780, 110 S.Ct. at 3102; *Pulley v. Harris,* 465 U.S. at 41, 104 S.Ct. at 874; *Pemberton v. Collins,* 991 F.2d at 1223; *Lavernia v. Lynaugh,* 845 F.2d at 496; *Rault v. Butler,* 826 F.2d at 302 n. 1; and *Neyland v. Blackburn,* 785 F.2d at 1293.

**39.** *See Neyland v. Blackburn,* 785 F.2d at 1289.

**40.** *Coleman v. Thompson,* 501 U.S. 722, 730, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991).

even giving petitioner's first state habeas corpus application an extremely liberal construction, of the petitioner's multi-faceted ineffective assistance claims presented in this Court, only petitioner's complaints about his trial counsel's lack of experience in criminal law and failures to meet with petitioner and adequately investigate the case against petitioner were included in petitioner's first state habeas application. In all other respects, the petitioner's claims of ineffective assistance raised in this federal habeas corpus proceeding were not presented to the state courts until petitioner filed his *second* state habeas corpus application, which the Texas Court of Criminal Appeals dismissed pursuant to state writ-abuse principles.

The Fifth Circuit has repeatedly held that a finding by a Texas appellate court that a criminal defendant failed to comply with applicable state procedural rules, such as the Texas contemporaneous objection rule, or that a criminal defendant vio-

lated the Texas writ-abuse statute constitutes an independent and adequate basis for a federal habeas court's refusal to address the merits of a claim for federal habeas corpus relief.[41]

■ It is likewise clear that a Texas prisoner filing a federal habeas corpus petition who failed to include a challenge to the sufficiency of the evidence supporting his conviction in his direct appeal has procedurally defaulted on that claim and is barred from obtaining federal habeas review of same.[42] Petitioner did not challenge the sufficiency of the evidence supporting his guilty plea until he filed his second state habeas corpus application, which was dismissed under state writ-abuse principles. By virtue of the petitioner's failure to attack the sufficiency of the evidence supporting his conviction via direct appeal, petitioner procedurally defaulted on same.[43] Furthermore, petitioner procedurally defaulted on those same claims a second time when he waited until his second state habeas corpus application

**41.** *See Jones v. Jones,* 163 F.3d 285, 296 (5th Cir., 1998), (holding that a petitioner who failed to exhaust state remedies on claims that would be barred from review under the Louisiana writ-abuse statute is procedurally barred from federal review of those claims); *Little v. Johnson,* 162 F.3d 855, 859 (5th Cir. 1998), *cert. pending,* (holding that claims barred from further state review under the Texas writ-abuse statute are also barred from federal review for the same reasons discussed in *Jones* ); *Muniz v. Johnson,* 132 F.3d 214, 221 (5th Cir.1998), *cert. denied,* 523 U.S. 1113, 118 S.Ct. 1793, 140 L.Ed.2d 933 (1998), (holding that a federal habeas petitioner's violation of Article 11.071 of the Texas Code of Criminal Procedure constitutes an adequate and independent ground precluding consideration by a federal habeas court of claims which a state prisoner failed to present in a state habeas corpus proceeding and which would now be barred under the Texas writ-abuse statute); *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir.1997), *cert. denied,* 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998), (holding that federal habeas review is barred on unexhausted claims which would be dismissed by the Texas Court of Criminal Appeals pursuant to the new Texas writ-abuse statute if presented in a successive state habeas corpus application); *Rogers v. Scott,* 70 F.3d 340, 342 (5th Cir.1995), *cert. denied,* 517 U.S. 1235, 116 S.Ct. 1881, 135 L.Ed.2d 176 (1996), (holding that a federal habeas peti-

tioner's failure to comply with the Texas contemporaneous objection rule also bars federal habeas review of a claim absent cause and prejudice or a fundamental miscarriage of justice); *Nichols v. Scott,* 69 F.3d 1255, 1278 n. 44 (5th Cir.1995), *cert. denied,* 518 U.S. 1022, 116 S.Ct. 2559, 135 L.Ed.2d 1076 (1996), (holding the same re the Texas contemporaneous objection rule); and *Amos v. Scott,* 61 F.3d 333, 338–45 (5th Cir.1995), *cert. denied,* 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995), (holding the same).

**42.** *See West v. Johnson,* 92 F.3d 1385, 1398 n. 18 (5th Cir.1996), *cert. denied,* 520 U.S. 1242, 117 S.Ct. 1847, 137 L.Ed.2d 1050 (1997); *Renz v. Scott,* 28 F.3d 431, 432–33 (5th Cir. 1994); *Ellis v. Collins,* 956 F.2d 76, 80 (5th Cir.1992), *cert. denied,* 503 U.S. 915, 112 S.Ct. 1285, 117 L.Ed.2d 510 (1992); and *Clark v. State of Texas,* 788 F.2d 309, 310–11 (5th Cir.1986).

**43.** While respondent did *not* specifically raise this type of procedural default in his motion for summary judgment, this Court is not precluded by the poor pleading of the parties from *sua sponte* raising obvious defenses to claims, such as procedural default. *See Kiser v. Johnson,* 163 F.3d 326, 328–29 (5th Cir. 1999), (recognizing that the court could *sua sponte* raise the defense of limitations); *Magouirk v. Phillips,* 144 F.3d 348, 357–58 (5th Cir.1998), (federal court may raise issue of

to first raise them in the state courts. Thus, petitioner's third group of claims herein, i.e., his claims which collaterally attack the factual basis and evidentiary support for his guilty plea, are all procedurally barred from federal habeas review.

Likewise, all but the first two of petitioner's claims herein of ineffective assistance by his trial counsel, i.e., his complaints about his trial counsel's lack of criminal law experience and lack of adequate investigation into the case against petitioner, are also procedurally barred from federal habeas review.

Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas corpus claim when the state based its rejection of the same claim on an adequate and independent state ground.[44] When a state-law default prevents the state court from reaching the merits of a federal claim, that claim can ordinarily not be reviewed in federal court.[45] Generally speaking, in order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief.[46] Where a state court finds that a federal claim is procedurally barred, but goes on to reach the merits of that claim in the alternative, the state court's reliance on the procedural default still constitutes an independent and adequate ground which bars federal habeas review.[47] A state procedural rule is adequate for purposes of procedural de-

procedural default *sua sponte* but must give notice to petitioner and opportunity to respond and holding that Magistrate Judge's M & R gave petitioner adequate notice); and *Rodriguez v. Johnson*, 104 F.3d 694, 697 n. 1 (5th Cir.1997), *cert. denied*, 520 U.S. 1267, 117 S.Ct. 2438, 138 L.Ed.2d 198 (1997), (court could *sua sponte* raise abuse of writ defense).

**44.** *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Muhleisen v. Ieyoub*, 168 F.3d 840, 842–43 (5th Cir.1999); *Moawad v. Anderson*, 143 F.3d 942, 947 (5th Cir.1998), *cert. denied*, 523 U.S. 1125, 119 S.Ct. 383, 142 L.Ed.2d 316 (1998); *Muniz v. Johnson*, 132 F.3d at 220–21; *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125, 118 S.Ct. 1811, 140 L.Ed.2d 949 (1998); *Nobles v. Johnson*, 127 F.3d at 420; *Williams v. Cain*, 125 F.3d 269, 275 (5th Cir.1997), *cert. denied*, 522 U.S. 1121, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998); *Pitts v. Anderson*, 122 F.3d 275, 278 (5th Cir.1997); *Gochicoa v. Johnson*, 118 F.3d 440, 445 (5th Cir.1997), *cert. denied*, 522 U.S. 1121, 118 S.Ct. 1063, 140 L.Ed.2d 124 (1998); *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir.1996); and *Young v. Herring*, 938 F.2d 543, 548 n. 5 (5th Cir. 1991), *cert. denied*, 503 U.S. 940, 112 S.Ct. 1485, 117 L.Ed.2d 627 (1992).

**45.** *See Ylst v. Nunnemaker*, 501 U.S. 797, 801, 111 S.Ct. 2590, 2593, 115 L.Ed.2d 706 (1991); *Murray v. Carrier*, 477 U.S. 478, 485– 92, 106 S.Ct. 2639, 2643–48, 91 L.Ed.2d 397 (1986); *Muniz v. Johnson*, 132 F.3d at 220– 21; *Nobles v. Johnson*, 127 F.3d at 420; and

*Sawyers v. Collins*, 986 F.2d 1493, 1499 (5th Cir.1993), *cert. denied*, 508 U.S. 933, 113 S.Ct. 2405, 124 L.Ed.2d 300 (1993).

**46.** *See Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989), (holding that an adequate and independent finding of a procedural bar will bar federal habeas review of a federal claim unless the habeas petition can show "cause" for the default and "prejudice attributable thereto" or demonstrate that failure to consider the federal claim will result in a "fundamental miscarriage of justice.)"; *Williams v. Cain*, 125 F.3d at 276; *Gochicoa v. Johnson*, 118 F.3d at 445; *Martin v. Maxey*, 98 F.3d at 847; *Moore v. Roberts*, 83 F.3d 699, 702 (5th Cir. 1996), *cert. denied*, 519 U.S. 1093, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997); *Reed v. Scott*, 70 F.3d 844, 846 (5th Cir.1995), *cert. denied sub nom. Johnson v. Reed*, 517 U.S. 1150, 116 S.Ct. 1452, 134 L.Ed.2d 570 (1996); and *Amos v. Scott*, 61 F.3d at 338–39. *See also Coleman v. Thompson*, 501 U.S. 722, 735, 111 S.Ct. 2546, 2557, 115 L.Ed.2d 640 (1991), (holding that a federal court may address a federal claim on which there has been a finding of state procedural default if the last state court opinion disposing of the claim appears to rest primarily upon federal law, or to be interwoven with the federal law, or when the adequacy and independence of any possible state law ground is not clear from the face of the opinion); and *Ylst v. Nunnemaker*, 501 U.S. at 803–04, 111 S.Ct. at 2595.

**47.** *See Harris v. Reed*, 489 U.S. at 264 & n. 10, 109 S.Ct. at 1044 & n. 10; *Rogers v. Scott*, 70

fault in a federal habeas proceeding only if it is firmly established at the time it is applied, i.e., it is strictly or regularly applied evenhandedly to the vast majority of similar claims.[48] However, a state fails to strictly or regularly apply a procedural bar only when the state clearly and unequivocally excuses the procedural default.[49] A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief.[50] The petitioner bears the burden of showing that the state did not strictly or regularly follow a procedural bar.[51]

 Ordinarily, the mere fact that a federal habeas corpus claimant failed to abide by a state procedural rule does *not*, in and of itself, prevent federal review of a claim; the state court must actually have relied upon the procedural bar as an independent basis for its disposition of the case.[52] A federal claimant's procedural default usually precludes federal habeas review *only* if the last state court rendering a judgment in the case rests its judgment on the procedural default.[53] The federal courts presume there is no independent and adequate state ground for a state court decision when (1) the decision fairly appears to rest primarily on federal law, (2) the decision fairly appears to be interwoven with the federal law, or (3) the adequacy and independence of any possible state law ground is not clear from the face of the opinion.[54] When the last state court to write a reasoned opinion rests its decision on a claim for relief on state procedural grounds, the petitioner can still obtain federal habeas review of that same claim only if he can show cause and actual prejudice for his procedural default or that a failure to address the merits of the federal claim would result in a miscarriage of justice.[55] To establish "cause," a petition-

F.3d at 342; and *Sawyers v. Collins*, 986 F.2d at 1499. Where it is unclear whether the state court's judgment rests on state procedural grounds or on the merits of the federal claim, the basis for the state court judgment is identified by the following analysis: (1) where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting that same claim rest upon the same ground; (2) if an earlier opinion "fairly appears" to rest primarily upon federal law, we presume that no procedural default has been invoked by a subsequent unexplained order that leaves the judgment or its consequences in place; and (3) where the last reasoned opinion on the claim explicitly imposes a procedural default, the presumption is that a later decision rejecting the claim did not silently disregard that bar and consider the merits—but this presumption can be overcome by strong evidence that the subsequent rejection of the claim was based on an analysis of the merits of the federal claim. *See Sawyers v. Collins,* 986 F.2d at 1499–1500.

**48.** *See Muniz v. Johnson,* 132 F.3d at 220–21; *Glover v. Cain,* 128 F.3d at 902; *Stokes v. Anderson,* 123 F.3d 858, 859 (5th Cir.1997), *cert. denied,* 522 U.S. 1134, 118 S.Ct. 1091, 140 L.Ed.2d 147 (1998); *Martin v. Maxey,* 98 F.3d at 847; *Reed v. Scott,* 70 F.3d at 846; and *Amos v. Scott,* 61 F.3d at 339.

**49.** *See Stokes v. Anderson,* 123 F.3d at 860; and *Amos v. Scott,* 61 F.3d at 342.

**50.** *See Glover v. Cain,* 128 F.3d at 902; and *Lott v. Hargett,* 80 F.3d 161, 165 (5th Cir. 1996).

**51.** *See Stokes v. Anderson,* 123 F.3d at 860; and *Sones v. Hargett,* 61 F.3d 410, 416 (5th Cir.1995).

**52.** *Harris v. Reed,* 489 U.S. at 261–62, 109 S.Ct. at 1042; *Gochicoa v. Johnson,* 118 F.3d at 445.

**53.** *Harris v. Reed,* 489 U.S. at 262, 109 S.Ct. at 1043; *Caldwell v. Mississippi,* 472 U.S. 320. 327, 105 S.Ct. 2633, 2638, 86 L.Ed.2d 231 (1985); *Gochicoa v. Johnson,* 118 F.3d at 445.

**54.** *Coleman v. Thompson,* 501 U.S. at 734–35, 111 S.Ct. at 2557.

**55.** *See Coleman v. Thompson,* 501 U.S. at 750, 111 S.Ct. at 2565; *Harris v. Reed,* 489 U.S. at 262, 109 S.Ct. at 1043; *Jones v. Jones,* 163 F.3d at 296; *Little v. Johnson,* 162 F.3d at 859 n. 3; *Moawad v. Anderson,* 143 F.3d at 947; *Lucas v. Johnson,* 132 F.3d 1069, 1077 (5th Cir.1998), *cert. dism'd,* —— U.S. ——, 119 S.Ct. 4, 141 L.Ed.2d 765 (1998); *Muniz v. Johnson,* 132 F.3d at 220; *Pitts v. Anderson,* 122 F.3d at 279; and *Moore v. Roberts,* 83 F.3d at 702.

er must show either that some objective external factor impeded the defense counsel's ability to comply with the state's procedural rules or that petitioner's trial counsel rendered ineffective assistance.[56] In order to satisfy the "miscarriage of justice" test, the petitioner must supplement his constitutional claim with a colorable showing of factual innocence.[57] To satisfy the "factual innocence" standard, a petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.[58] In other words, to satisfy the "factual innocence" standard, a petitioner must establish a fair probability that, considering all of the evidence now available, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt.[59] Even more simply, the defendant must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.[60]

**56.** See *Pitts v. Anderson,* 122 F.3d at 279, (recognizing that proof of ineffective assistance will satisfy the cause test); *Martin v. Maxey,* 98 F.3d at 849; and *Hill v. Black,* 932 F.2d 369, 372–73 (5th Cir.1991).

**57.** See *Sawyer v. Whitley,* 505 U.S. 333, 335–36, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992); *Lucas v. Johnson,* 132 F.3d at 1077; *Muniz v. Johnson,* 132 F.3d at 221 n. 12; *Glover v. Cain,* 128 F.3d at 904; *Glover v. Hargett,* 56 F.3d 682, 684, (5th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 726, 133 L.Ed.2d 678 (1996); *May v. Collins,* 955 F.2d 299, 308 (5th Cir.1992), *cert. denied,* 504 U.S. 901, 112 S.Ct. 1925, 118 L.Ed.2d 533 (1992); and *Sawyer v. Whitley,* 945 F.2d 812, 815 (5th Cir.1991), *affirmed,* 505 U.S. 333, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992). These opinions each discuss the "miscarriage of justice" exception to the cause and prejudice test for successive federal habeas petitions. Basically, that exception provides that reconsideration of a ground for relief that was disposed of on the merits in a prior federal habeas proceeding is permissible *only* when the petitioner establishes a "fair probability" that, in light of all the evidence, the trier of fact would have entertained a reasonable doubt as to the defendant's guilt. See *Sawyer v. Whitley,* 505 U.S. at 339 & n. 5, 112 S.Ct. at 2519 & n. 5; *May v. Collins,* 955 F.2d at 308; and *Sawyer v. Whitley,* 945 F.2d at 817.

**58.** See *Sawyer v. Whitley,* 505 U.S. at 335–40, 112 S.Ct. at 2517–19, (holding that to show "actual innocence" in the context of a capital sentencing scheme, one must show by clear and convincing evidence that, but for the constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state statute and that "factual innocence" means a fair probability that, in light of all the evidence, the trier of the facts would have entertained a reasonable doubt as to the defendant's guilt); *Kuhlmann v. Wilson,* 477 U.S. 436, 455 n. 17, 106 S.Ct. 2616, 2627 n. 17, 91 L.Ed.2d 364 (1986); *Lucas v. Johnson,* 132 F.3d at 1077; *Johnson v. Hargett,* 978 F.2d 855, 859–60 (5th Cir.1992), *cert. denied,* 507 U.S. 1007, 113 S.Ct. 1652, 123 L.Ed.2d 272 (1993); *May v. Collins,* 955 F.2d at 308; and *Sawyer v. Whitley,* 945 F.2d at 817.

**59.** See *Sawyer v. Whitley,* 505 U.S. at 336–41, 112 S.Ct. at 2517–19, (holding that to show "actual innocence" in the context of a capital sentencing scheme, one must show by clear and convincing evidence that, but for the constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty under the applicable state statute and that "factual innocence" means a fair probability that, in light of all the evidence, the trier of the facts would have entertained a reasonable doubt as to the defendant's guilt); *Kuhlmann v. Wilson,* 477 U.S. 436, 455 n. 17, 106 S.Ct. 2616, 2627 n. 17, 91 L.Ed.2d 364 (1986); *Lucas v. Johnson,* 132 F.3d at 1077; *Johnson v. Hargett,* 978 F.2d 855, 859–60 (5th Cir.1992), *cert. denied,* 507 U.S. 1007, 113 S.Ct. 1652, 123 L.Ed.2d 272 (1993); *May v. Collins,* 955 F.2d at 308; and *Sawyer v. Whitley,* 945 F.2d at 817. The "factual innocence" test, therefore, requires the Court to give consideration to the all of the evidence now available to the Court on the issue of the petitioner's guilt or innocence.

**60.** See *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998); *Schlup v. Delo,* 513 U.S. 298, 327–28, 115 S.Ct. 851, 867–68, 130 L.Ed.2d 808 (1995); *United States v. Sorrells,* 145 F.3d 744, 749 (5th Cir.1998); *Lucas v. Johnson,* 132 F.3d at 1077; *Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir.1997), *cert. denied,* 520 U.S. 1267, 117 S.Ct. 2438, 138 L.Ed.2d 198 (1997), (holding that "actual innocence" means factual, as opposed to legal innocence, i.e., a showing that the person did not commit the crime); and *Johnson v. Hargett,* 978 F.2d at 859–60, (holding the same).

■ Petitioner's procedural defaults on his insufficient evidence claims and many of his ineffective assistance claims can be circumvented only if the petitioner satisfies either the cause and actual prejudice or the fundamental miscarriage of justice exceptions to the procedural default doctrine. Despite the many months that have passed since respondent filed his motion for summary judgment, petitioner has presented this Court with absolutely no affidavit or sworn statements raising a genuine issue as to his factual innocence. Petitioner's naked assertions in his original pleadings in this cause that he did not commit the offense to which he pleaded guilty in open court do not even begin to establish a colorable showing of factual innocence and, therefore, are insufficient to circumvent petitioner's procedural default.

■ Nor can petitioner rely upon his conclusory assertions of ineffective assistance to circumvent his procedural defaults in this cause. It is true that a showing of ineffective assistance of counsel can satisfy the cause and actual prejudice exception.[61] However, the procedural defaults which petitioner committed in connection with his claims of ineffective assistance herein were committed by petitioner himself, not by any attorney, in the course of petitioner's state habeas corpus proceedings. There is no constitutional right to counsel in connection with a state habeas corpus proceeding.[62] Therefore, any procedural defects committed by a *pro se* state habeas corpus applicant can never rise to the level of ineffective assistance of counsel.

Likewise, petitioner has *not* asserted any arguments that his counsel ever rendered ineffective assistance in connection with petitioner's direct appeal. That is probably because, by entering a guilty plea, petitioner waived his right to file a direct appeal without court permission and he has not alleged that he ever sought such permission or ever requested his counsel to file such an appeal.

Petitioner does allege, however, that his trial counsel did render ineffective assistance in connection with petitioner's guilty plea and sentencing by failing to challenge the factual and evidentiary basis underlying petitioner's guilty plea. That claim will be examined below in the context of petitioner's other ineffective assistance claims.

### D. *Ineffective Assistance Claims*

#### 1. *The Claims*

In addition to his assertions that his trial counsel should have raised objections as to the factual and evidentiary basis underlying petitioner's guilty plea, petitioner also argues that his trial counsel was inexperienced in criminal law and failed to adequately investigate the case against petitioner. In all other respects, petitioner has procedurally defaulted on his claims of ineffective assistance herein.

#### 2. *The Constitutional Standard*

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Su-

---

**61.** *See Pitts v. Anderson,* 122 F.3d at 279, (recognizing that proof of ineffective assistance will satisfy the cause and actual prejudice test); *United States v. Guerra,* 94 F.3d 989, 994 (5th Cir.1996); *United States v. Placente,* 81 F.3d 555, 558 (5th Cir.1996); *United States v. Gaudet,* 81 F.3d 585, 589 (5th Cir. 1996); *United States v. Acklen,* 47 F.3d 739, 742 (5th Cir.1995); and *United States v. Patten,* 40 F.3d 774, 776 (5th Cir.1994), *cert. denied,* 515 U.S. 1132, 115 S.Ct. 2558, 132 L.Ed.2d 811 (1995).

**62.** *See Wright v. West,* 505 U.S. 277, 292, 112 S.Ct. 2482, 2490, 120 L.Ed.2d 225 (1992); *Murray v. Giarratano,* 492 U.S. 1, 7–12, 109 S.Ct. 2765, 2769–71, 106 L.Ed.2d 1 (1989); *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Collins v. Johnson,* 89 F.3d 210, 212 (5th Cir. 1996), *cert. denied,* 519 U.S. 1017, 117 S.Ct. 530, 136 L.Ed.2d 416 (1996); *Johnson v. Hargett,* 978 F.2d 855, 859 (5th Cir.1992), *cert. denied,* 507 U.S. 1007, 113 S.Ct. 1652, 123 L.Ed.2d 272 (1993); and *Santana v. Chandler,* 961 F.2d 514, 515 (5th Cir.1992).

preme Court in the case of *Strickland v. Washington:*

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[63]

In order to establish that his counsel's performance was constitutionally deficient,

a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[64] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.[65] The courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight.[66] It is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[67] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[68] Coun-

**63.** 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

**64.** *Darden v. Wainwright,* 477 U.S. 168, 184, 106 S.Ct. 2464, 2473, 91 L.Ed.2d 144 (1986); *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. at 2064; *Lackey v. Johnson,* 116 F.3d 149, 152 (5th Cir.1997); *Andrews v. Collins,* 21 F.3d 612, 621 (5th Cir.1994), *cert. denied,* 513 U.S. 1114, 115 S.Ct. 908, 130 L.Ed.2d 790 (1995); *Duff–Smith v. Collins,* 973 F.2d 1175, 1182 (5th Cir.1992), *cert. denied,* 507 U.S. 1056, 113 S.Ct. 1958, 123 L.Ed.2d 661 (1993); and *Black v. Collins,* 962 F.2d 394, 401 (5th Cir.1992), *cert. denied,* 504 U.S. 992, 112 S.Ct. 2983, 119 L.Ed.2d 601 (1992).

**65.** *See Strickland v. Washington,* 466 U.S. at 687–91, 104 S.Ct. at 2064–66; *Green v. Johnson,* 160 F.3d 1029, 1035 n. 1 (5th Cir.1998), *cert. denied,* 523 U.S. 1099, 119 S.Ct. 1107, 143 L.Ed.2d 106 (1999); *Carter v. Johnson,* 131 F.3d 452, 463 (5th Cir.1997), *cert. denied,* 523 U.S. 1099, 118 S.Ct. 1567, 140 L.Ed.2d 801 (1998); *Belyeu v. Scott,* 67 F.3d 535, 538 (5th Cir.1995), *cert. denied,* 517 U.S. 1144, 116 S.Ct. 1438, 134 L.Ed.2d 559 (1996); *Duff–Smith v. Collins,* 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. *Burnett v. Collins,* 982 F.2d 922, 928 (5th Cir.1993); and *Martin v. Maggio,* 711 F.2d 1273, 1279 (5th Cir.1983), *cert. denied,* 469 U.S. 1028, 105 S.Ct. 447, 83 L.Ed.2d 373 (1984).

**66.** *See Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993); *Burger v. Kemp,* 483 U.S. 776, 789, 107 S.Ct.

3114, 3123, 97 L.Ed.2d 638 (1987); *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065–66; *Carter v. Johnson,* 131 F.3d at 463; *Williams v. Cain,* 125 F.3d 269, 276 (5th Cir.1997), *cert. denied,* — U.S. —, 119 S.Ct. 144, 142 L.Ed.2d 116 (1998), (holding that review of the first prong of *Strickland* requires consideration of the facts and resources available to defense counsel at the time of trial); *Green v. Johnson,* 116 F.3d 1115, 1122 (5th Cir.1997); *United States v. Gaudet,* 81 F.3d 585, 592 (5th Cir.1996); and *Belyeu v. Scott,* 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, *see Westley v. Johnson,* 83 F.3d 714, 723 (5th Cir.1996), *cert. denied,* 519 U.S. 1094, 117 S.Ct. 773, 136 L.Ed.2d 718 (1997), *citing Lockhart v. Fretwell,* 506 U.S. at 372, 113 S.Ct. at 844, and in view of the facts and resources available at the time of trial, *see Williams v. Cain,* 125 F.3d at 276, *citing Motley v. Collins,* 18 F.3d 1223, 1226 (5th Cir. 1994), *cert. denied,* 513 U.S. 960, 115 S.Ct. 418, 130 L.Ed.2d 333 (1994).

**67.** *See Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. at 2066; and *Duff–Smith v. Collins,* 973 F.2d at 1182.

**68.** *See Jones v. Jones,* 163 F.3d at 300; *Ransom v. Johnson,* 126 F.3d 716, 721 (5th Cir. 1997), *cert. denied,* 522 U.S. 944, 118 S.Ct. 361, 139 L.Ed.2d 281 (1997); *Green v. Johnson,* 116 F.3d 1115, 1122 (5th Cir.1997), ("A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel

sel is required neither to advance every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[69] A criminal defense counsel is not required to exercise clairvoyance during the course of a criminal trial.[70] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[71]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance." [72] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." [73] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." [74] In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." [75] In addition, analysis of the

unless it is so ill chosen that it permeates the entire trial with obvious unfairness."); *Boyle v. Johnson*, 93 F.3d 180, 187–88 (5th Cir. 1996), *cert. denied*, 519 U.S. 1120, 117 S.Ct. 968, 136 L.Ed.2d 853 (1997), (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); *West v. Johnson*, 92 F.3d 1385, 1406–09 (5th Cir.1996), *cert. denied*, 520 U.S. 1242, 117 S.Ct. 1847, 137 L.Ed.2d 1050 (1997), (holding that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); and *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir.1994), *citing Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066; and *Andrews v. Collins*, 21 F.3d at 623, (holding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

**69.** *See Neal v. Cain*, 141 F.3d 207, 214–15 (5th Cir.1998), (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir.1995): "Counsel cannot be deficient for failing to press a frivolous point."; *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir.1995): "Counsel is not required by the Sixth Amendment to file meritless motions."; *Smith v. Collins*, 977 F.2d

951, 960 (5th Cir.1992), *cert. denied*, 510 U.S. 829, 114 S.Ct. 97, 126 L.Ed.2d 64 (1993): "The defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources."; *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir.1990): "counsel is not required to make futile motions or objections."; *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985), (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant); and *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir.1984): "Counsel is not required to engage in the filing of futile motions."

**70.** *See Sharp v. Johnson*, 107 F.3d 282, 290 n. 28 (5th Cir.1997), *citing Garland v. Maggio*, 717 F.2d 199, 207 (5th Cir.1983), (holding that clairvoyance is not a required attribute of effective representation). *See also Lackey v. Johnson*, 116 F.3d at 152, (holding that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

**71.** *See United States v. Cronic*, 466 U.S. 648, 656 n. 19, 104 S.Ct. 2039, 2045 n. 19, 80 L.Ed.2d 657 (1984); and *Jones v. Jones*, 163 F.3d 285, 303 (5th Cir., 1998);

**72.** *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. at 2064; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir.1995).

**73.** *Strickland v. Washington*, 466 U.S. at 691, 104 S.Ct. at 2067.

**74.** *Strickland v. Washington*, 466 U.S. at 692, 104 S.Ct. at 2067.

**75.** 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d 674.

second or "prejudice" prong of the *Strickland* test must include examination of whether counsel's· deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair.[76] "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." [77]

In· summary then, in order to prevail on a claim of ineffective assistance of counsel, a convicted defendant must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different and that the defendant's trial was thereby rendered fundamentally unfair or unreliable.[78]

The two-part test of *Strickland v. Washington, supra,* has been applied by the Supreme Court and the Fifth Circuit in a wide variety of contextual challenges to the effectiveness of counsel's performance. Given the language of *Strickland* itself, the test applies to the conduct of counsel both in preparation for and at trial.[79] An attorney's failure to investigate the case against the defendant and to interview witnesses can support a finding of ineffective assistance.[80] However, in order to establish that counsel was rendered ineffective by virtue of a failure to investigate the case against a defendant or to discover and present evidence, a convicted defendant must do more than merely allege a failure to investigate; he must state with specificity what the investigation would have revealed, what evidence would have resulted from that investigation, and how such would have altered the outcome of the case.[81] Furthermore, when a trial

**76.** *See Lockhart v. Fretwell,* 506 U.S. 364, 368–73, 113 S.Ct. 838, 842–44, 122 L.Ed.2d 180 (1993); *Green v. Johnson,* 160 F.3d at 1035–36; *Goodwin v. Johnson,* 132 F.3d 162, 174 (5th Cir.1997); *Carter v. Johnson,* 131 F.3d at 463; *Ransom v. Johnson,* 126 F.3d at 721; *Lackey v. Johnson,* 116 F.3d at 152; *Vuong v. Scott,* 62 F.3d 673, 685 (5th Cir. 1995), *cert. denied,* 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995); and *Armstead v. Scott,* 37 F.3d 202, 207 (5th Cir.1994), *cert. denied,* 514 U.S. 1071, 115 S.Ct. 1709, 131 L.Ed.2d 570 (1995).

**77.** *Lockhart v. Fretwell,* 506 U.S. at 372, 113 S.Ct. at 844. Thus, prejudice is measured by current law and not by the law as it existed at the time of the alleged error. *See Goodwin v. Johnson,* 132 F.3d at 172 n. 5; *Westley v. Johnson,* 83 F.3d at 723, *citing Lockhart v. Fretwell,* 506 U.S. at 372–73, 113 S.Ct. at 844.

**78.** *See Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 2582–83, 91 L.Ed.2d 305 (1986); *Darden v. Wainwright,* 477 U.S. at 184, 106 S.Ct. at 2473; and *Williams v. Collins,* 16 F.3d 626, 631 (5th Cir.1994), *cert. denied,* 512 U.S. 1289, 115 S.Ct. 42, 129 L.Ed.2d 937 (1994). In the course of the latter portion of this inquiry, the Court must consider not merely whether the outcome of the defendant's case would have been different but also whether counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair.

*See Lockhart v. Fretwell,* 506 U.S. at 368–73, 113 S.Ct. at 842–44; *Green v. Johnson,* 160 F.3d at 1036; *Goodwin v. Johnson,* 132 F.3d at 174, (holding that the presence or absence of prejudice, both at trial and on appeal, hinges upon the fairness of the trial and the reliability of the judgment of conviction resulting therefrom); *Carter v. Johnson,* 131 F.3d at 463; *Ransom v. Johnson,* 126 F.3d at 721; and *Armstead v. Scott,* 37 F.3d at 207.

**79.** *See, e.g., Martin v. McCotter,* 796 F.2d 813, 816–17 (5th Cir.1986), *cert. denied,* 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987) (holding that the *Strickland* test applied to both the trial and sentencing phases of a criminal proceeding); and *Nealy v. Cabana,* 764 F.2d 1173, 1178–80 (5th Cir.1985).

**80.** *Bryant v. Scott,* 28 F.3d at 1415.

**81.** *See Moawad v. Anderson,* 143 F.3d 942, 948 (5th Cir.1998); *Anderson v. Collins,* 18 F.3d 1208, 1221 (5th Cir.1994); *Nelson v. Hargett,* 989 F.2d 847, 850 (5th Cir.1993); *United States v. Green,* 882 F.2d 999, 1003 (5th Cir.1989); *Lockhart v. McCotter,* 782 F.2d 1275, 1282–83 (5th Cir.1986), *cert. denied,* 479 U.S. 1030, 107 S.Ct. 873, 93 L.Ed.2d 827 (1987); *Alexander v. McCotter,* 775 F.2d 595, 603 (5th Cir.1985); *Schwander v. Blackburn,* 750 F.2d 494, 499–500 (5th Cir. 1985); and *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir.1983).

counsel's decision not to pursue further investigation into a potential defense or into an area of potential mitigating evidence is based on investigation and consultation with the defendant which leads the attorney to believe that further investigation would be fruitless, that decision may not be challenged as unreasonable.[82] The extent of an attorney's investigation into an area must be viewed in the context of the defendant's cooperation with the attorney's investigation and with a heavy measure of deference to counsel's judgments.[83]

The test has been applied to challenges to guilty pleas based on allegations of ineffective assistance of counsel.[84] To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for the alleged errors of his attorney, he would not have pleaded guilty but would have insisted on going to trial.[85]

Because the *Strickland* opinion itself dealt with a sentencing proceeding, the two-part test applies to sentencing proceedings.[86] To satisfy the prejudice prong of the *Strickland* test in the context of a non-capital sentencing proceeding, a defendant must establish a reasonable probability that, but for the deficient performance of counsel, his sentence would have been significantly less harsh.[87]

Because a convicted defendant must satisfy *both* prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice under that test makes it unnecessary to examine the other prong.[88] Therefore, a failure to establish that counsel's performance fell below an objective standard of reasonableness avoids the need to consider the issue of prejudice.[89] It is also unnecessary to consider whether counsel's performance was deficient where there is an insufficient showing of prejudice.[90] Mere conclusory

**82.** *See Carter v. Johnson*, 131 F.3d at 465; *Boyle v. Johnson*, 93 F.3d at 187–88; *West v. Johnson*, 92 F.3d at 1406–09; and *Andrews v. Collins*, 21 F.3d at 623.

**83.** *See Carter v. Johnson*, 131 F.3d at 463; and *Randle v. Scott*, 43 F.3d 221, 225 (5th Cir.1995), *cert. denied*, 515 U.S. 1108, 115 S.Ct. 2259, 132 L.Ed.2d 265 (1995), (holding that trial counsel was not ineffective for failing to investigate the validity of the defendant's prior conviction where the defendant was aware that the prior conviction had been reversed but failed to disclose same to his counsel and, instead, instructed his counsel to cease investigation into the matter so as to expedite the defendant's entry of a guilty plea). However, an attorney who is aware of potential mitigating evidence is obligated to investigate the existence of such evidence beyond merely communicating with the defendant. *Ransom v. Johnson*, 126 F.3d at 723.

**84.** *See Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *United States v. Payne*, 99 F.3d 1273, 1282 (5th Cir.1996); *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

**85.** *See Hill v. Lockhart*, 474 U.S. at 58–59, 106 S.Ct. at 370; *United States v. Payne*, 99 F.3d at 1282; *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir.1995), *cert. denied*, 516 U.S. 1133, 116 S.Ct. 957, 133 L.Ed.2d 880 (1996); *James v. Cain*, 56 F.3d 662, 667 (5th Cir.1995); *Ran-*

dle v. Scott, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

**86.** *See Burger v. Kemp*, 483 U.S. 776, 788–96, 107 S.Ct. 3114, 3122–26, 97 L.Ed.2d 638 (1987); *Green v. Johnson*, 116 F.3d at 1122; *Belyeu v. Scott*, 67 F.3d at 540–42, (applying both prongs of the *Strickland* test to ineffective assistance claims regarding the sentencing phase of a capital murder trial); *Andrews v. Collins*, 21 F.3d at 623–25; and *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir.1993).

**87.** *See United States v. Acklen*, 47 F.3d 739, 742 (5th Cir.1995); *United States v. Segler*, 37 F.3d 1131, 1136 (5th Cir.1994); and *Spriggs v. Collins*, 993 F.2d at 87–88.

**88.** *See Strickland v. Washington*, 466 U.S. at 700, 104 S.Ct. at 2071; *Ransom v. Johnson*, 126 F.3d at 721; *Green v. Johnson*, 116 F.3d at 1122; *United States v. Seyfert*, 67 F.3d 544, 547 (5th Cir.1995); and *Armstead v. Scott*, 37 F.3d at 210. *See also Burnett v. Collins*, 982 F.2d 922, 928 (5th Cir.1993), (holding that the defendant bears the burden of proof on *both* prongs of the *Strickland* test).

**89.** *See United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir.1990); and *Thomas v. Lynaugh*, 812 F.2d 225, 229–30 (5th Cir.1987), *cert. denied*, 484 U.S. 842, 108 S.Ct. 132, 98 L.Ed.2d 89 (1987).

**90.** *See Black v. Collins*, 962 F.2d at 401; *Bates v. Blackburn*, 805 F.2d 569, 578 (5th

allegations in support of claims of ineffective assistance of counsel are insufficient, as a matter of law, to raise a constitutional issue.[91]

### 3. *Failure to Investigate and Confer Claims*

Petitioner argues that his trial counsel failed to adequately investigate the case against petitioner, failed to adequately confer with petitioner, failed to interview petitioner's unidentified alibi witness, and failed to review the prosecution's file in the case. However, petitioner has not explained in detail what exculpatory or mitigating evidence might have been disclosed had his counsel engaged in such activities. Petitioner's claim that he knew of an alibi witness but that his trial counsel never contacted that unidentified person is illustrative of the wholly conclusory nature of petitioner's ineffective assistance claims herein. Petitioner failed to allege any specific facts, much less furnish any evidence, to the state courts establishing precisely what additional exculpatory or mitigating evidence or what new defensive theories could have been developed had his trial

counsel either conducted further investigation into the case against petitioner or met more extensively with petitioner. While petitioner did allege in his pleadings in state court that he advised his trial counsel of the existence of an alibi witness, petitioner did not identify that witness in his pleadings in state court and did not allege any specific facts showing exactly what that alleged alibi witness could have furnished in terms of admissible testimony.

Counsel is required neither to advance every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[92] In order to establish that counsel was rendered ineffective by virtue of a failure to investigate the case against a defendant or to discover and present evidence, a convicted defendant must do more than merely allege a failure to investigate; he must state with specificity what the investigation would have revealed, what evidence would have resulted from that investigation, and how such would have altered the outcome of the case.[93] Petitioner has wholly failed to so in this cause and wholly failed to do so in the

---

Cir.1986), *cert. denied,* 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987); and *Martin v. McCotter,* 796 F.2d 813, 821 (5th Cir.1986), *cert. denied,* 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987).

**91.** *See Kinnamon v. Scott,* 40 F.3d 731, 735 (5th Cir.1994), *cert. denied,* 513 U.S. 1054, 115 S.Ct. 660, 130 L.Ed.2d 595 (1994), (holding that a petitioner's speculative complaints of ineffective assistance by appellate counsel did not warrant federal habeas relief); *Anderson v. Collins,* 18 F.3d 1208, 1221 (5th Cir.1994), (holding that, without a specific, affirmative showing of precisely what evidence or testimony was rendered unavailable due to a trial counsel's failure to investigate, develop, and present same, i.e., a showing of exactly what the missing evidence or testimony would have been, a court cannot even begin to apply the *Strickland* analysis because it is very difficult to determine whether the defendant was prejudiced by any such deficiencies in counsel's performance); *United States v. Pineda,* 988 F.2d 22, 23 (5th Cir. 1993); *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir.1990); *Russell v. Lynaugh,* 892 F.2d

1205, 1213 (5th Cir.1989), *cert. denied,* 501 U.S. 1259, 111 S.Ct. 2909, 115 L.Ed.2d 1073 (1991); *United States v. Woods,* 870 F.2d 285, 288 n. 5 (5th Cir.1989); and *Ross v. Estelle,* 694 F.2d 1008, 1011–12 & n. 2 (5th Cir.1983).

**92.** *See Neal v. Cain,* 141 F.3d at 214–15, (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); *Smith v. Collins,* 977 F.2d at 960: "The defense of a criminal case is not an undertaking in which everything not prohibited is required. Nor does it contemplate the employment of wholly unlimited time and resources."; and *Schwander v. Blackburn,* 750 F.2d at 500, (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

**93.** *See Moawad v. Anderson,* 143 F.3d at 948; *Anderson v. Collins,* 18 F.3d at 1221; *Nelson v. Hargett,* 989 F.2d at 850; *United States v. Green,* 882 F.2d at 1003; *Lockhart v. McCotter,* 782 F.2d at 1282–83; *Alexander v. McCotter,* 775 F.2d at 603; *Schwander v. Blackburn,*

**702** 

course of his state habeas corpus proceedings. Under such circumstances, petitioner failed to satisfy the prejudice prong of *Strickland* with regard to those claims. Therefore, the Texas Court of Criminal Appeals' rejection of those claims was neither the product of an unreasonable application of clearly established Federal law nor the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. These aspects of petitioner's ineffective assistance claims do not warrant federal habeas relief.

### 4. *Lack of Experience or Formal Training in Criminal Law*

 In his next ineffective assistance claim, petitioner argues that his trial counsel was inadequately trained and lacked experience in criminal law. However, petitioner does not allege in this Court, and did not allege in the state courts, any facts showing exactly how his trial counsel's alleged lack of training or experience prejudiced petitioner within the meaning of *Strickland* and *Fretwell*, i.e., either impacted upon petitioner's decision to enter a guilty plea or caused petitioner to receive a substantially more harsh sentence than he otherwise would have received. An attorney's inexperience, standing alone, does not *per se* establish ineffective assistance.[94] Even an inexperienced attorney can render effective assistance; those terms are not mutually exclusive. To demonstrate prejudice in the context of a guilty plea, the defendant must show that there is a reasonable probability that, but for the alleged errors of his attorney, he would not have pleaded guilty but would

have insisted on going to trial.[95] Petitioner has failed to allege any specific facts showing a reasonable probability that, but for his attorney's alleged lack of experience in criminal law, or his attorney's alleged failure to adequately investigate and confer with petitioner, petitioner would have insisted on pleading not guilty and proceeding to trial. Therefore, the Texas Court of Criminal Appeals' rejection of those claims was neither the product of an unreasonable application of clearly established Federal law nor the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This aspect of petitioner's ineffective assistance claim does not warrant federal habeas relief.

### 5. *Failure to Challenge Factual/Evidentiary Basis*

 Petitioner argues that his trial counsel should have challenged the lack of evidence supporting petitioner's guilty plea. However, there is no federal constitutional requirement that a state court guilty plea be supported by a showing on the record of evidentiary support for same. Petitioner's implicit reliance upon the mandates contained in the Supreme Court's opinion in *Jackson v. Virginia*[96] is misplaced. The requirements of that decision do not apply to convictions based on a guilty plea.[97] A *state* criminal court is under no constitutional duty to establish a factual basis for a voluntary guilty plea unless the state judge is put on notice that there may be some need for such an inquiry.[98] In this case, petitioner alleges absolutely no facts establishing that, at the

750 F.2d at 499–500; and *Ross v. Estelle*, 694 F.2d at 1011.

**94.** *See United States v. Greer*, 643 F.2d 280, 283 n. 9 (5th Cir.1981), *cert. denied*, 454 U.S. 854, 102 S.Ct. 300, 70 L.Ed.2d 147 (1981).

**95.** *See Hill v. Lockhart*, 474 U.S. at 58–59, 106 S.Ct. at 370; *United States v. Payne*, 99 F.3d at 1282; *Mangum v. Hargett*, 67 F.3d at 84; *James v. Cain*, 56 F.3d at 667; *Randle v. Scott*, 43 F.3d at 225; and *Armstead v. Scott*, 37 F.3d at 206.

**96.** 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**97.** *See Smith v. McCotter*, 786 F.2d 697, 702–03 (5th Cir.1986); and *Kelley v. State of Alabama*, 636 F.2d 1082, 1083–84 (5th Cir.1981).

**98.** *See Smith v. McCotter*, 786 F.2d at 702; *Hobbs v. Blackburn*, 752 F.2d 1079, 1082 (5th Cir.1985), *cert. denied*, 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985); and *Banks v. McGougan*, 717 F.2d 186, 188 & n. 1 (5th Cir.1983).

time it accepted petitioner's guilty plea, the state trial court was on notice that there was a need for an inquiry into the factual basis for petitioner's guilty plea. Thus, petitioner has failed to allege any facts warranting a state trial court inquiry into the factual basis for petitioner's guilty plea at the time it accepted same. No federal constitutional issue is raised by the failure of a Texas trial court to require evidence of guilt corroborating a voluntary guilty plea.[99] Petitioner's federal constitutional rights were not violated when the state trial court accepted his guilty plea and, based upon petitioner's plea of guilty, found petitioner guilty of the offenses in question.

Petitioner does not allege any specific facts of which he was unaware at the time he entered his guilty plea showing the absence of a factual basis for his plea. Despite that, petitioner executed a sworn document in connection with his guilty plea in which he averred that he had received a copy of the indictment, had read and understood same, and was pleading guilty because he was guilty and for no other reason.[100] Under such circumstances, the Texas Court of Criminal Appeals' rejection of that aspect of petitioner's ineffective assistance claims was neither the product of an unreasonable application of clearly established Federal law nor the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. This aspect of petitioner's ineffective assistance claim does not warrant federal habeas relief.

### E. Involuntary and Unknowing Guilty Plea Claims

Petitioner argues that, by virtue of his attorney's ineffective assistance, including those claims discussed above as well as additional allegations of ineffective assistance on which petitioner's procedurally defaulted, his guilty plea was rendered involuntary and unknowing. More specifically, he argues that his attorney (1) coerced him into entering a guilty plea by threatening that additional or other charges would be brought against petitioner unless he accepted the plea agreement offered him, (2) failed to adequately explain the essential elements of the offense to him, and (3) misrepresented the contents of the plea agreement, i.e., promised petitioner that he would only have to serve sixty days.

### 1. Involuntary Plea Claim

In the course of entering his guilty plea, petitioner executed a sworn document in which he averred that (1) he had *not* been coerced or threatened to enter his plea, (2) he had received no promises other than those included in his plea agreement to induce his plea, (3) he had reviewed the indictment against him and understood same, and (4) he was pleading guilty because he was guilty and for no other reason.[101]

■ "Ordinarily, a defendant will not be heard to refute his testimony given under oath when pleading guilty."[102] If, however, the defendant offers specific factual allegations *supported by the affidavit of a reliable third person*, then he is entitled to a hearing on his allegations.[103] "Solemn declarations in open court carry a strong presumption of verity."[104] The

99. *See Smith v. McCotter*, 786 F.2d at 702; and *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir.1983), *cert. denied*, 465 U.S. 1106, 104 S.Ct. 1609, 80 L.Ed.2d 138 (1984).

100. *See* Exhibit A attached to Respondent's Motion for Summary Judgment, filed December 21, 1998, docket entry no. 20.

101. *Id.*

102. *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir.1985).

103. *United States v. Fuller*, 769 F.2d at 1099; *see also United States v. McCord*, 618 F.2d 389, 393–94 (5th Cir.1980); and *Dugan v. United States*, 521 F.2d 231, 233 (5th Cir. 1975).

104. *Blackledge v. Allison*, 431 U.S. 63, 73–74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir.1998); *see also Lott v. Hargett*, 80 F.3d 161, 168 (5th Cir.1996); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir.1994), *cert. denied*, 513 U.S. 968, 115 S.Ct. 436, 130 L.Ed.2d 348 (1994): "Although their attesta-

representations made by the defendant, his lawyer, and the prosecutor at a plea hearing, as well as the findings made by the trial judge accepting the plea, constitute a formidable barrier to any subsequent collateral attack.[105] Any documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." [106] In this cause, as in petitioner's state habeas corpus proceedings, petitioner has offered absolutely no affidavits or proof from any third party refuting his own sworn representations in his plea documents.

▮▮▮ It is true that when a criminal defendant pleads guilty on the basis of a promise by his defense counsel or the prosecutor, whether or not the promise is fulfillable, breach of that promise taints the voluntariness of his plea.[107] However,

a "mere understanding" on the part of the defendant that he would receive a lesser sentence in exchange for a guilty plea will not abrogate that plea should a heavier sentence actually be imposed.[108] The defendant's signature on guilty plea documents is *prima facie* proof of the validity of the plea.[109] In the present case, petitioner's allegation that his guilty plea was entered involuntarily and unknowingly is completely refuted by his own sworn representations in his plea documents.

▮▮▮ In order for a prisoner to receive federal habeas relief on the basis of alleged *promises* that are inconsistent with representations made in open court when his guilty plea was accepted, he must prove (1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was

tions to voluntariness are not an absolute bar to raising this claim, Appellants face a heavy burden in proving that they are entitled to relief because such testimony in open court carries a strong presumption of verity."; *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir.1986); and *United States v. Patterson*, 739 F.2d 191, 195 (5th Cir.1984).

**105.** *See Blackledge v. Allison*, 431 U.S. at 73–74, 97 S.Ct. at 1629; *DeVille v. Whitley*, 21 F.3d at 659; *United States v. Smith*, 844 F.2d 203, 208 (5th Cir.1988); *United States v. Raetzsch*, 781 F.2d at 1151; *United States v. Corbett*, 742 F.2d 173, 178 n. 11 (5th Cir. 1984); and *United States v. Patterson*, 739 F.2d at 195. *See also United States v. Nuckols*, 606 F.2d 566, 569–70 (5th Cir.1979), (holding that the threatened prosecution of a third-party, such as a member of the defendant's family, does not itself render a guilty plea involuntary when there is probable cause for such prosecution).

**106.** *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir.1994), *cert. denied*, 513 U.S. 1064, 115 S.Ct. 681, 130 L.Ed.2d 613 (1994); and *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.1985), *cert. denied*, 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985).

**107.** *See United States v. Cervantes*, 132 F.3d at 1110; *United States v. Amaya*, 111 F.3d 386, 388–89 (5th Cir.1997), (holding that a guilty plea induced by deception, an unfulfilled promise, or misrepresentation is an involuntary plea and that a trial court's unenforceable promise to review the Govern-

ment's decision whether to file a § 5K1.1 motion rendered a guilty plea involuntary); *McNeil v. Blackburn*, 802 F.2d 830, 832 (5th Cir.1986); *Smith v. Blackburn*, 785 F.2d 545, 548 (5th Cir.1986); and *Bonvillain v. Blackburn*, 780 F.2d 1248, 1251 (5th Cir. 1986), *cert. denied*, 476 U.S. 1143, 106 S.Ct. 2253, 90 L.Ed.2d 699 (1986).

**108.** *DeVille v. Whitley*, 21 F.3d at 658: "A mere understanding by Appellants, however, that they would receive a lesser sentence in exchange for a guilty plea will not abrogate the plea should a heavier sentence actually be imposed."; *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir.1993); *United States v. Santa Lucia*, 991 F.2d 179, 180 (5th Cir.1993), (holding that a defendant's reliance upon his counsel's erroneous prediction regarding the probable length of sentence does not render a defendant's guilty plea involuntary or unknowing where the defendant was properly advised regarding the maximum length of sentence possible under applicable law); *Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir.1989); *Davis v. Butler*, 825 F.2d 892, 894 (5th Cir.1987); *McNeil v. Blackburn*, 802 F.2d at 832; and *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir.1986). *See also United States v. Vadner*, 160 F.3d 263, 264–65 (5th Cir.1998), (holding that trial court's failure to advice defendant of his ineligibility for probation did not render guilty plea involuntary).

**109.** *Theriot v. Whitley*, 18 F.3d 311, 314 (5th Cir.1994).

made; and (3) the precise identity of an eyewitness to the promise.[110] The defendant bears the burden of proving by a preponderance of the evidence the underlying facts that establish a breach of the terms of a plea bargain agreement.[111] The proper inquiry in determining whether a plea bargain has been breached is whether the prosecution's conduct comports with the parties' reasonable understanding of the plea agreement.[112] To be entitled to an evidentiary hearing on the issue of the voluntariness of a guilty plea based on alleged promises inconsistent with the defendant's own representations in open court, the defendant must present the Court with independent indicia of the likely merit of his allegations, such as affidavits from reliable third parties.[113] Petitioner presents this Court, and presented the state courts, with no factual allegations from any third party sufficient to raise an issue as to the voluntariness of his guilty plea. In fact, the representations made to the state court in petitioner's plea documents belie petitioner's argument that he was promised anything beyond the express terms of his plea agreement.

■ At best, then, petitioner had a unilateral, subjective, misunderstanding as to the content of petitioner's plea bargain. However, this subjective misunderstanding regarding the plea bargain was not supported by any representations made in petitioner's plea documents. Such a misunderstanding does not render petitioner's guilty plea involuntary.[114]

### 2. The Requirements that a Guilty Plea Be Knowing and Intelligent

A federal court will uphold a guilty plea challenged in a habeas corpus proceeding if the plea was knowing, voluntary, and intelligent.[115] For a guilty plea to be "intelligently" and "knowingly" entered, the defendant must understand both the true nature of the charge against him,[116] and

110. *See United States v. Cervantes*, 132 F.3d at 1110; *DeVille v. Whitley*, 21 F.3d at 658; *United States v. Smith*, 915 F.2d 959, 963 (5th Cir.1990); *Harmason v. Smith*, 888 F.2d at 1529; *Ellis v. Lynaugh*, 883 F.2d 363, 366 n. 5 (5th Cir.1989); *Davis v. Butler*, 825 F.2d at 894; *McNeil v. Blackburn*, 802 F.2d at 833; *Smith v. McCotter*, 786 F.2d at 701; *Smith v. Blackburn*, 785 F.2d at 548; *Bonvillain v. Blackburn*, 780 F.2d at 1251. *See also Harmason v. Smith*, 888 F.2d at 1532 (holding that a prediction, prognosis, or statement of probabilities does not constitute an actual promise which, if breached, renders a guilty plea involuntary); and *United States v. Stumpf*, 827 F.2d 1027, 1030 (5th Cir.1987), (holding that a defendant's reliance on his attorney's erroneous prediction of leniency is *not* sufficient to render a guilty plea involuntary).

111. *United States v. Price*, 95 F.3d 364, 367 (5th Cir.1996); *United States v. Garcia–Bonilla*, 11 F.3d 45, 46 (5th Cir.1993); and *United States v. Watson*, 988 F.2d 544, 548 (5th Cir. 1993), *cert. denied sub nom. Campbell v. United States*, 510 U.S. 1048, 114 S.Ct. 698, 126 L.Ed.2d 665 (1994).

112. *See United States v. Price*, 95 F.3d at 367; and *United States v. Wittie*, 25 F.3d 250, 262 (5th Cir.1994), *affirmed*, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995).

113. *See United States v. Cervantes*, 132 F.3d at 1110; and *Harmason v. Smith*, 888 F.2d at 1529.

114. *See DeVille v. Whitley*, 21 F.3d at 658: "A mere understanding by Appellants, however, that they would receive a lesser sentence in exchange for a guilty plea will not abrogate the plea should a heavier sentence actually be imposed."; *Spinelli v. Collins*, 992 F.2d at 561; *United States v. Santa Lucia*, 991 F.2d at 180, (holding that a defendant's reliance upon his counsel's erroneous prediction of the actual sentence he would receive did not render the defendant's guilty plea involuntary or unknowing where the defendant had been advised by the Court of the maximum sentence possible under applicable law); *United States v. Jones*, 905 F.2d 867, 868 (5th Cir.1990), (holding the same); *Harmason v. Smith*, 888 F.2d at 1529; *Davis v. Butler*, 825 F.2d at 894; *McNeil v. Blackburn*, 802 F.2d at 832; and *Smith v. McCotter*, 786 F.2d at 701.

115. *See James v. Cain*, 56 F.3d 662, 666 (5th Cir.1995); and *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.1985), *cert. denied*, 474 U.S. 838, 106 S.Ct. 117, 88 L.Ed.2d 95 (1985).

116. *See United States v. Briggs*, 939 F.2d 222, 227 (5th Cir.1991).

"the consequences" of a guilty plea,[117] respectively. A plea is intelligent if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect.[118] Petitioner alleges that his trial counsel failed to explain to him the essential elements of the charge to which petitioner entered his plea. However, the plea documents which petitioner executed in conjunction with that plea specifically included a provision in which petitioner acknowledged that he had reviewed the indictment against him and understood same.[119] The charge against petitioner was neither factually nor legally complex. The indictment alleged that, on or about June 2, 1992, petitioner threatened to kill Janelle Johnson on account of her having reported the commission of a crime. Petitioner does not allege that he was either blind, mentally incompetent, illiterate, or otherwise unable to read and comprehend the simple, straight-forward language of the indictment against him.

With respect to guilty pleas, the "knowing" requirement that a defendant understand "the consequences" of a guilty plea means only that the defendant must know the maximum prison term and fine for the offense charged.[120] Petitioner's sworn plea documents specifically advised him of the maximum punishment that he would face if convicted. Petitioner's claim that he was promised a sixty-prison term in exchange for his plea is refuted by his own sworn assertions in those same documents.

 Insofar as that allegation can be construed as an assertion that petitioner had a misunderstanding regarding his parole eligibility, that fact did not render his plea unknowing. It is not necessary that a defendant be advised of all of the "collateral" consequences of his plea.[121]

117. *See United States v. Pearson*, 910 F.2d 221, 223 (5th Cir.1990), *cert. denied*, 498 U.S. 1093, 111 S.Ct. 977, 112 L.Ed.2d 1062 (1991).

118. *See James v. Cain*, 56 F.3d at 666, *citing Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir.1991), *cert. denied*, 503 U.S. 988, 112 S.Ct. 1678, 118 L.Ed.2d 395 (1992). A guilty plea is intelligent even if the trial court failed to specifically explain to the defendant the nature of the offense *if* the record shows that the defendant understood the charge and its consequences. *See United States v. Reyna*, 130 F.3d 104, 110 (5th Cir.1997), *cert. denied*, 523 U.S. 1033, 118 S.Ct. 1328, 140 L.Ed.2d 489 (1998); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1250 (5th Cir.1986); *Davis v. Butler*, 825 F.2d 892, 893 (5th Cir.1987); and *Hobbs v. Blackburn*, 752 F.2d at 1081. However, the defendant must understand what he is being charged with. *See United States v. Suarez*, 155 F.3d 521, 524–25 (5th Cir.1998).

119. *See* Exhibit A attached to Respondent's Motion for Summary Judgment, filed December 21, 1998, docket entry no. 20.

120. *See United States v. Dees*, 125 F.3d 261, 269 (5th Cir.1997), *cert. denied*, 522 U.S. 1152, 118 S.Ct. 1174, 140 L.Ed.2d 183 (1998); *Ables v. Scott*, 73 F.3d 591, 592–93 n. 2 (5th Cir.1996), *cert. denied*, 517 U.S. 1198, 116 S.Ct. 1696, 134 L.Ed.2d 795 (1996); *James v. Cain*, 56 F.3d at 666, (holding that as long as the defendant understands the length of time he might possibly receive, he is fully aware of his plea's consequences); *Spinelli v. Collins*, 992 F.2d 559, 561 (5th Cir.1993); *United States v. Pearson*, 910 F.2d at 223; *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir.1990); and *Barbee v. Ruth*, 678 F.2d 634, 635 (5th Cir.1982), *cert. denied*, 459 U.S. 867, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982).

121. *See Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985), (holding that the Constitution does not require that the state furnish the defendant with information on parole eligibility in order for the defendant's plea to be voluntary); *United States v. Abreo*, 30 F.3d at 32, (holding that a federal district court need not advise a defendant that a guilty plea waived the defendant's right to challenge on appeal the trial court's adverse ruling on the defendant's motion to suppress); *United States v. Banda*, 1 F.3d 354, 356 (5th Cir.1993), (holding that a federal district court was not required to advise the defendant of the possibility of deportation prior to accepting defendant's guilty plea); *United States v. Osiemi*, 980 F.2d 344, 349 (5th Cir. 1993), (holding that a court is not required to discuss the possibility of deportation on a defendant because deportation is only a collateral consequence of a guilty plea); *United States v. Bell*, 966 F.2d 914, 916 (5th Cir. 1992), (holding that a trial court is not required to advise the defendant of the availability of a conditional guilty plea prior to accepting a guilty plea); *Johnson v. Puckett*, 930 F.2d 445, 448 n. 2 (5th Cir.1991), *cert. denied*, 502 U.S. 890, 112 S.Ct. 252, 116

For example, the Constitution does not require the State to furnish a criminal defendant with information about parole eligibility in order for the defendant's plea of guilty to be knowing.[122] A defendant's mere expectation about the commutation and parole process is simply no ground for habeas corpus relief.[123]

Under such circumstances, the Texas Court of Criminal Appeals' rejections of petitioner's claims that his guilty plea was involuntary and unknowing were neither the products of an unreasonable application of clearly established Federal law nor the result of an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, petitioner's challenges to the voluntary and knowing nature of his plea does not warrant federal habeas relief.

### V. *Recommendation*

For the foregoing reasons, it is the recommendation of the undersigned Magistrate Judge that (1) petitioner's federal habeas corpus petition, filed February 17, 1998,[124] be DENIED and (2) respondent's motion to substitute counsel, filed December 21, 1998,[125] be **GRANTED.**

L.Ed.2d 206 (1991), (holding that the state trial court was not required to advise a defendant of the impact of his guilty plea on defendant's eligibility for good time credits); *United ed States v. Ballard*, 919 F.2d 255, 258 (5th Cir.1990), *cert. denied*, 499 U.S. 954, 111 S.Ct. 1429, 113 L.Ed.2d 481 (1991), (holding that a court need not advise a defendant prior to accepting a guilty plea of the possible enhancing effect of a guilty plea on future sentences or of the effect a guilty plea will have on the defendant's good time credits or even of the possibility that a guilty plea will mandate the imposition of a mandatory special parole term); *United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir.1990), (holding that a state court was not required to advise a defendant of the possible enhancing effect his guilty plea in that court would have on the same defendant's subsequent sentencing in federal court); and *United States v. Posner*, 865 F.2d 654, 660 (5th Cir.1989), (holding that a federal district court need not advise the defendant about his parole eligibility before accepting a guilty plea).

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL

The United States District Clerk shall serve a copy of this United States Magistrate Judge's Findings and Recommendation on all parties by either (1) mailing a copy to each of them by certified mail, return receipt requested, or (2) facsimile if authorization to do so is on file with the Clerk.

Pursuant to Title 28 U.S.C. § 636(b)(1), and Rule 4(b) of the Local Rules for the Assignment of Duties to United States Magistrates (Appendix C to the Local Court Rules for the Western District of Texas), the parties are hereby notified that any party who desires to object to this report must file with the Clerk of this Court and serve the Magistrate Judge and all parties with written objections to the findings and recommendation included above within ten (10) days after being served with a copy of this Memorandum and Recommendation.[126]

A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.[127]

122. *See James v. Cain*, 56 F.3d at 666, *citing Czere v. Butler*, 833, F.2d 59, 63 (5th Cir. 1987). "A plea agreement contains no implied warranty that parole laws will not change." *James v. Cain*, 56 F.3d at 666, *citing McNeil v. Blackburn*, 802 F.2d 830, 832 (5th Cir.1986).

123. *James v. Cain*, 56 F.3d at 667, *citing Dunn v. Maggio*, 712 F.2d 998, 999–1001 (5th Cir.1983), *cert. denied*, 465 U.S. 1031, 104 S.Ct. 1297, 79 L.Ed.2d 697 (1984).

124. *See* docket entry nos. 5 and 6.

125. *See* docket entry no. 20.

126. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.1989), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243, 106 L.Ed.2d 590 (1989).

127. *See Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir.1987).

A party's failure to file written objections to the proposed factual findings, legal conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court of those proposed factual findings, legal conclusions, and recommendations.[128]

Additionally, *any failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within ten (10) days after being served with a copy, shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, unless the party validly alleges grounds of plain error.*[129]

April 19, 1999.

---

**128.** *See generally Thomas v. Arn,* 474 U.S. 140, 150–55, 106 S.Ct. 466, 472–75, 88 L.Ed.2d 435 (1985); *United States v. Raddatz,* 447 U.S. 667, 673–76, 100 S.Ct. 2406, 2411–13, 65 L.Ed.2d 424 (1980); 28 U.S.C. § 636(b)(1).

**129.** *See Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428–29 (5th Cir.1996).